UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTEN GIBBENS, <br><br> Plaintiff, <br><br> v. <br><br> QUICK COLLECT, INC., <br><br> Defendant. | Cause No. C21-1643RSL <br><br> ORDER DENYING DEFENDANT'S MOTION TO STRIKE |

This matter comes before the Court on "Defendant's Motion to Strike" immaterial and impertinent allegations from the complaint under Fed. R. Civ. P. 12(f). Although most of the allegations in the "Statement of the Case" section of the complaint are only tangentially related to the claims asserted, plaintiff argues that the lawsuits and legislative actions discussed will help him show that defendant knew or should have known that the medical debt it reported was inaccurate. Defendant did not file a reply.

"[A]bsent a showing of the supposedly offending allegations' irrelevance to the subject matter of the lawsuit or a possibility of harm to a party, federal courts are reluctant to disturb the pleadings unless the allegations confuse the issues in the case. Thus, if the district court is in doubt whether the challenged matter may raise an issue of fact or law, . . . the motion to strike under Rule 12(f) should be denied and the sufficiency of the allegations left for further

ORDER DENYING DEFENDANT'S
MOTION TO STRIKE - 1

elaboration through discovery and adjudication by summary judgment or a trial on the merits." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.) (internal footnotes omitted). The Court declines to strike allegations that may have some relevance to the controversy, are not likely to cause confusion, and are not likely to prejudice defendant.

For all of the foregoing reasons, defendant's motion to strike (Dkt. # 7) is DENIED.

Dated this 18th day of January, 2022.

                                                 Robert S. Lasnik
                                                 United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO STRIKE - 2